FORET, Judge.
Floyd Patín, Sr. was arrested on April 12, 1986 for operating a vehicle while intoxicated. At a Louisiana Department of Public Safety administrative hearing held on June 9, 1986, his driver’s license was suspended for ninety days under the Louisiana Implied Consent Law, R.S. 32:861, et seq., *880 commencing on June 20, 1986. By a petition filed on June 30, 1986, Patín utilized the procedure providing for an appeal to the district court of his domicile. The trial court affirmed the finding of the Department of Public Safety and ordered the revocation of Patin’s license in accordance with the applicable statute. The judgment of the trial court was signed August 26, 1986. Notice of judgment was properly served, and Patín filed a notice of appeal on September 5, 1986.
The record shows that the appeal taken by Patín was a devolutive appeal. The issue raised on appeal by Patín is that the police officer did not follow the rules and regulations prescribed by the statute in that there was no evidence at the hearing that he had been observed for a period of twenty minutes prior to the administration of the P.E.I. test. However, deciding the case as we do hereinafter, we need not address this issue.
In view of the fact that Patín did not request a suspensive appeal and because the suspension period of Patin’s license was for ninety days and more than ninety days having elapsed since the trial court judgment affirming the action of the Department of Public Safety in suspending his license, the issue is now moot.
Having decided the issue to be moot, Patin’s appeal is dismissed, at his costs.
APPEAL DISMISSED.